### HOFFMAN v. MARGATE REALTY, Inc., et al.

No. 71-2604.

Circuit Court, Broward County.

September 28, 1973.

Charles M. Prince of Grevior & Prince, Fort Lauderdale, for the plaintiff.

Henry M. Schmerer of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for the defendants.

GEORGE W. TEDDER, Jr., Circuit Judge.

*Final judgment:* This action was tried before the court. On the evidence presented the court makes the following findings.

The ultimate issues presented in this cause are framed by the following pleadings. Count III of plaintiff's third amended complaint as modified by the stipulation and order entered on December 22nd, 1972. Defendant, Margate Realty, Inc.'s, answer and counterclaim and amendment to counterclaim adding a Count II. Plaintiff's reply to affirmative defenses and answers to the counterclaim and amended counterclaim.

Plaintiff is seeking specific performance against the defendant, the vendor of an agreement for deed for commercial real property located at 621-623-625 Main Blvd., Margate, Florida [legal description omitted].

Defendant in Count I of its counterclaim is seeking to have plaintiff's claim of interest in the subject real property removed as a cloud upon defendant's title. In Count II of defendant's counterclaim the defendant is seeking the alternative relief of foreclosing any interest the plaintiff might have in the subject property pursuant to an agreement for deed.

On November 27th, 1968 the defendant as vendor entered into an agreement for deed with Ronald Nix, the vendee. This document was recorded in the public records on February 26th, 1969. Among other provisions of the agreement there were contained provisions that the vendee pay monthly installments with interest,

the vendee was to pay for taxes and insurance on the property, and a formula was provided whereby prior to the time the full amount called for under the agreement was paid, the vendee could acquire title to the property and the defendant would take back a mortgage for the balance due. There was also a provision that the agreement could not be assigned without the consent of the defendant.

A creditor of Mr. Nix obtained a final judgment for money against Mr. Nix in the court of record for Broward County on November 26th, 1969. None of the parties to this cause were parties to that action in the court of record. Pursuant to that final judgment, execution was issued by the court of record and the sheriff of Broward Couny held a public sale on July 13th, 1970, selling the interest of Mr. Nix in the subject property.

The plaintiff, who in the course of his business dealings frequently purchased property at sheriff's sales, investigated the possibility of the plaintiff bidding at the forthcoming sale. The plaintiff checked the public records and ascertained that Mr. Nix's interest was pursuant to an agreement for deed. Plaintiff made no attempt to contact the defendant to ascertain whether or not the agreement for deed was in good standing or any other circumstances surrounding it. Plaintiff had personal familiarity with agreements for deed in general and also knew that purchasing property at the sheriff's sale was at the risk of the purchaser.

Plaintiff bid $765.08 at the sheriff's sale and received a sheriff's deed to the property on July 13th, 1970.

Plaintiff's sole right to any relief against the defendant is bottomed on the validity of that sheriff's deed. The threshold question is — does a purchaser at a sheriff's sale of a vendee's interest in an agreement for deed acquire the vendee's interest when the sale was an execution of a judgment at law? For the reasons to be hereinafter stated the question is answered in the negative.

Both statutory and case law do not permit equitable interests in real property to be executed on from judgments at law by a mere sheriff's deed. Florida Statutes §56.071 provides the procedure for executing upon equities of redemption which require the presence of all parties having an interest in the property to be before the court, which would include the defendant in this case. The defendant was not a party to the court of record proceeding. While that statute refers to mortgages, it is equally applicable to an agreement for deed. A vendee under an agreement for deed has an "equitable estate." Miami Bond and Mortgage Co. v. Bell, 133 So. 547 (Fla. 1931). Also in the cases of Midstate Investment Corp. v. O'Steen,

133 So.2d 455 (Fla. 1 App. 1961) and H. L. Land Co. v. Warner, 258 So.2d 293 (Fla. 2 App. 1972), it was stated that the vendee under an agreement for deed has an equity of redemption and stands in the position of a mortgagor.[1]

Florida case law has long held that equitable interests are not subject to execution of judgments at law and any sheriff's deeds issued as a result of such execution are nullities and vest no title or equity in the purchaser. The appropriate common law method for reaching an equitable interest was to bring a creditor's bill in equity, which was not done in the instant case. Thalheimer v. Tischler, 46 So. 514 (Fla. 1908); Tischler v. Robinson, 48 So. 45 (Fla. 1908); Cheves v. First National Bank of Gainesville, 83 So. 870 (Fla. 1920); First National Bank of Chipley v. Peel, 145 So. 177 (Fla. 1932).

For the reasons just stated, plaintiff's complaint fails in that plaintiff had no interest in the agreement for deed to enforce against the defendant. Count I of defendant's counterclaim is well taken as the sheriff's deed, which is recorded in the public records, being a nullity, constitutes a cloud on defendant's title.[2]

Another reason why the court finds for the defendant against the plaintiff is that the equities are with the defendant and not with the plaintiff. The following additional facts were presented at the trial.

After the plaintiff received the sheriff's deed the plaintiff attempted to take possession of the property from Mr. Nix. However, Mr. Nix had already surrendered possession to the defendant and the plaintiff took no legal action against the defendant to secure possession until the institution of this lawsuit. Prior to the institution of this action the defendant repeatedly advised the plaintiff that the defendant did not recognize plaintiff's right to succeed to Mr. Nix's interest in the agreement for deed.

---

1 Those cases set forth the procedure on when and how the vendor of agreement for deed can terminate and foreclose the vendee's interest when the parties are in privity with each other and the vendee is in possession of the property. In the instant case the parties were not in privity and the plaintiff was never in possession of the property. While these cases might be applicable as to the procedure to be used as to Count II of defendant's counterclaim, that count is moot in light of the disposition of Count I of defendant's counterclaim.

2 Not involved in this cause is whatever rights Mr. Nix might have in the agreement for deed; but that appears to be a moot question because the defendant received possession of the property and a quit claim deed from Mr. Nix negating Mr. Nix's interest in the agreement for deed.

At no time prior to the institution of this action or during its pendency did the plaintiff attempt to tender to the defendant any of the monthly payments called for under the agreement for deed, nor did the plaintiff attempt to cure any of the other defaults which had already accrued under the agreement for deed. Plaintiff never made any insurance payments, nor did the plaintiff pay any of the property taxes on the property for the years 1970, 1971 and 1972 even though the tax bills were sent by the tax collector directly to the plaintiff. In each of those years the defendant paid the taxes after they had become delinquent and paid for insurance on the property.

It is apparent that the plaintiff has not done equity in this case nor did the plaintiff carry the burden of proof necessary to prevail in this action. See 29A Fla. Jur. *Specific Performance,* §§8 and 151.

In addition, as pointed out in 29A Fla. Jur. *Specific Performance,* §133, 770, where an agreement contemplates that the vendor will accept as his debtor only the vendee specifically designated in the agreement, specific performance should be denied to the assignee. In the instant case the agreement is clear that the defendant was relying on the personal credit of Mr. Nix since there was a prohibition against assignment without the defendant's consent and also the agreement provided a method whereby the defendant might change his position from that of a vendor to a mortgagee. The plaintiff was an absolute stranger to the original parties to the agreement for deed. There was, of course, no mutuality of obligation or remedy between the plaintiff and the defendant since there was no theory upon which the defendant could have compelled the plaintiff to pay the entire amount of the agreement for deed and force the plaintiff to take title to the property. The plaintiff was never under any obligation to the defendant.

It is thus apparent to the court that plaintiff is not entitled to the relief prayed for and that the defendant does have a cloud upon its title as a result of the sheriff's deed.

For the foregoing reasons it is adjudged —

(1) That as to plaintiff's complaint, that plaintiff, Walter A. Hoffman, Jr., trustee, take nothing by this action and that defendant, Margate Realty, Inc., go hence without day.

(2) That as to defendant's counterclaim, that certain sheriff's deed recorded in official records book 4260, page 636, of the public records of Broward County, Florida, is declared null, void and of no effect.

(3) That any and all right, claim, title, interest or equity of Walter A. Hoffman, Jr., trustee and all persons claiming by,

through or under said plaintiff since the filing of the lis pendons on the subject property is forever cancelled and is null and void.

(4) That the plaintiff, Walter A. Hoffman, Jr., trustee and all persons claiming by, through or under said plaintiff since the filing of the lis pendens is perpetually restrained and enjoined from asserting any claim, interest, right, equity or demand against the subject property or from in any way interfering with defendant, Margate Realty, Inc.'s, possession, use or disposal of the subject property.

(5) All lis pendens filed in this cause are hereby discharged.